## STEWART et al. v. DWYER.

(133 N. W. 990.)

**Costs — bond for, by nonresident.**

1. The undertaking for costs required of a nonresident by § 7196, Rev. Codes

1905, cannot be limited in amount, but must be sufficient to cover all costs incurred.

**Costs — bond for.**
    2. Such undertaking should run to the defendant.

**Costs — dismissal for failure to furnish bond for.**
    3. Under failure to furnish such undertaking, the court may dismiss the action, with costs, and without prejudice to the bringing of another action upon the same subject-matter.

Opinion filed December 16, 1911.

Appeal from District court; Richland county; *Allen,* J.

Action by J. A. Dwyer against J. H. Stewart and J. J. Barrett. Judgment for plaintiff, and defendants appeal.

Modified and affirmed.

*C. J. Kachelhoffer, C. R. Fowler, E. R. Lynch,* and *Balentine & Smith,* for appellants.

*J. A. Dwyer, pro se.*

BURKE, J.   Plaintiff, a nonresident, sued the defendant, a resident, in the district court of Richland county, North Dakota.   No undertaking being furnished, as provided by § 7196, Rev. Codes 1905, defendant moved that plaintiff's complaint be dismissed.   The court made the order that the complaint be dismissed unless plaintiff furnished such undertaking by January 10, 1911.   Plaintiff furnished a purported undertaking upon January 7th; but said undertaking was objected to by defendant on several grounds, among which, that it was not signed by resident of Richland county; that it ran to the clerk of court, instead of the defendant; that it was limited to the sum of $100 costs.   Upon January 12, 1911, a new undertaking was furnished, with the American Surety Company of New York as surety, but executed by a resident of Richland county as agent, but said bond was conditioned as follows: " . . . Are held and bound unto the clerk of the district court aforesaid . . . in a sum not exceeding $100."   This new undertaking was also objected to by the defendant, for the reasons advanced against the first bond, and for the further reason that it was filed two days too late to comply with the order of the court.   Upon this objection an order was entered dismissing the action, with costs, and with prej-

udice to the bringing of another action. An appeal has been taken from such order and the judgment based thereon.

We think the undertaking was defective upon two grounds at least. It limited the liability of the principal and surety to the sum of $100. Section 7196 says that they should furnish a sufficient surety for costs. It is possible that the costs incidental to this suit should exceed the sum of $100, and for the excess the defendant would be unprotected. The other defect is that the bond ran to the clerk of court. It should run to the defendant personally. Those defects justify the action of the trial court in dismissing the complaint, with costs. However, inasmuch as the merits of the case were not passed upon, the plaintiff should not be thereby deprived of a trial upon the merits in another action. 6 Enc. Pl. & Pr. 986, 987, where the rule is stated and authorities cited. See also 23 Cyc. 1146–1150.

The order and judgment should be modified in this respect, and as so modified is affirmed. Neither party shall recover costs of the other upon this appeal.